Donald Cowan
3768 SE 48th PL
Oklahoma City, OK 73135

FILED
DEC 26 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DONALD RAY COWAN,

    Plaintiff,

vs.

Steven Kunzweiler,

    Defendant.

Case No.: 19 CV 714 TCK - FHM

**Civil Complaint Seeking Declaratory & Coercive Relief from a Void Judgment**

### Parties

The Plaintiff in this Case is Donald Ray Cowan and resides at 3768 SE 48th PL, Oklahoma City, Oklahoma 73135. The Defendant in this case is Steven Kunzweiler, County Prosecuting Attorney, for the County of Tulsa, with an official Office located at 500 South Denver Avenue, Suite 900 Tulsa, Oklahoma 74103.

### Jurisdiction

The Basis of Jurisdiction is a Federal Question pursuant to Article VI, Clause 2 "Supremacy Clause" of the United States Constitution, 28 U.S.C. § 1331, 28 U.S.C § 2201, Rule 57 and Rule 60(b)(4) of FRcP, U.S. Constitution Amend. V "*Due Process Clause*", U.S. Constitution Amend. IX "*unenumerated Rights – Federal Right and Privilege to Stand Ones Ground and Bear Arms to prevent the Commission of a violent forcible felony, and the Absolute Right to Self-Defense in the territorial jurisdiction of the United States of America.*" and, U.S. Constitution

CIVIL COMPLAINT SEEKING DECLARATORY & COERCIVE RELIEF FROM A VOID JUDGMENT - 1

Amend. XIV *"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law"* [1]

### Federal Questions for Review

1. Whether Oklahoma's Manslaughter Statute, 21 O.S. § 711, when compared to 18 U.S.C § 1112, and guided by 54 U.S. Code § 104906, Conflicts with the Supremacy clause of the United States Constitution, thereby being (a) unconstitutionally Vague , (b) too broad in scope, (c) hence Criminalizing Constitutional protected Activity such as choosing not to retreat and Bearing Arms to Prevent the Commission of a Murder or other violent forcible felony? And if so, do the Jurisdictional Principles of the Fourteenth Amendment strip the State Courts of Personal and Subject Mater jurisdiction?

    a. *21 O.S. § 711* - Homicide is manslaughter in the first degree in the following cases: (1). When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor. (2). When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, ***or by means of a dangerous weapon***; unless it is committed under such circumstances as constitute excusable or ***justifiable homicide***. (3). ***When perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime***, or after such attempt shall have failed.

    b. *18 U.S.C § 1112* - (a)Manslaughter is the ***unlawful killing of a human being without malice***. It is of two kinds: Voluntary—Upon a sudden quarrel or heat of passion. Involuntary—***In the commission of an unlawful act*** not amounting to a felony, or in the ***commission in an unlawful manner***, or without due caution and circumspection, of a lawful act which might produce death.

---

[1] Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2.  The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient. Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824). The Supreme Court has found that a "suit arises under the law that creates the cause of action," American Well Works v. Layne, 241 US 257 (1916), and therefore, only suits based on federal law, not state law suits, are most likely to create federal question jurisdiction, Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908).

CIVIL COMPLAINT SEEKING DECLARATORY & COERCIVE RELIEF FROM A VOID JUDGMENT - 2

(b) Within the special maritime and territorial jurisdiction of the United States, Whoever is guilty of voluntary manslaughter, shall be fined under this title or imprisoned not more than 15 years, or both.

    c. Whoever is guilty of involuntary manslaughter, shall be fined under this title or imprisoned not more than 8 years, or both.

2. Does the Second Amendment prohibition of infringement, 54 U.S. Code § 104906, and the Jurisdictional Principles of the Fourteenth Amendment strip the State Courts of Personal and Subject Mater jurisdiction to Criminalize the use of firearms, as manslaughter by dangerous weapon, and on a case-by-case basis pursuant to a rational based need to prevent the public use of firearms under the pretense of public safety? Or in other words are the Courts allowed to use the Manslaughter Statute in its broadly written state as a "Red Flag" statute to circumvent the Due Process Requirements of the Law?

3. Does the U.S. Constitution Amend. IX "unenumerated Rights" & 54 U.S. Code § 104906 – Protect the Right and Privilege of a United States Citizen to choose for themselves, to lawfully Use a Firearm to prevent the Commission of a violent forcible felony, and the exercise of the Absolute Right to Self-Defense in the Continental jurisdiction of the United States of America, without being second guessed in 20/20 hindsight for their decision not to retreat even if it was later determined that retreat was an option? And if so is that protection binding on the Individual Sovereign States by Selective Incorporation?

4. Is the Plaintiff Entitled to Rule 60(b)(4) Relief due to a Void Judgment as found by inspecting the face of the Judgment Role?

### Judicial Notice

In a published opinion, United States v. Bigford No: 01-732, the Tenth Circuit Court of Appeals addressed the issue of Void Judgments and State Absolute Verity Rules. The Court has acknowledged that "Some states such as Oklahoma, while recognizing that a default judgment rendered without personal jurisdiction is void and subject to collateral challenge, limit the scope of that collateral challenge to the face of the record or judgment roll. Pursuant to such "absolute verity" rules, if the jurisdictional defect does not appear on the face of the judgment roll or record, the judgment is considered valid and therefore immune from collateral attack" and that " a collateral attack on

CIVIL COMPLAINT SEEKING DECLARATORY & COERCIVE RELIEF FROM A VOID JUDGMENT - 3

jurisdictional grounds is precluded in a subsequent proceeding where the jurisdictional issue was "fully and fairly litigated and finally decided" in the prior proceeding. I submit to this Court that the Judgment Role in question starts with the Charging Document in this Case, by Felony Information and a review of the Applicable Statutes.

Hence the Petitioner has "a due process right to launch a collateral attack of that judgment in another jurisdiction on the basis that it was rendered in violation of Fourteenth Amendment jurisdictional principles, because "A statute that prohibits the exercise of that right would therefore pose a serious danger of unconstitutionality."

## Complaint

1. Defendant Steve Kunzweiler in violation of the Jurisdictional Principles of the Fourteenth Amendment Enforced a Criminal Statute, 21 O.S. § 711, a statute that is Repugnant to the United States Constitution. Furthermore, the Statute is too vague and too broad in scope to place the Plaintiff on proper notice as to which type of Conduct is Social Unacceptable, as such the judgment role as rendered by the Lower Court dealing with such criminal statute is Void for lack of Jurisdiction. To wit: *"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law"*

    a. Defendant Kunzweiler alleged that the Plaintiff Violated, 21 O.S. § 711, by utilizing a firearm to prevent the Commission of a Violent forcible felony, and that the Criminalizing of said conduct is clearly stated in the face of the Statute…and Enforced said Statute. See Attached Felony Information.

    b. The Felony Information is also too vague in that it provides inadequate information to properly convey what legal theory the alleged crime occurred, thus preventing proper due process notice to mount an appropriate defense.

    c. Due to the ongoing due process and jurisdictional defects based upon the Felony Information, the Court has rendered a Void Judgment for lack of personal and subject matter jurisdiction and has illegally secured a judgment by Ambush.

    d. The Plaintiff was Charged with Said information in the Tulsa County District Court on January 3, 2005 and the same court entered its void judgment of Guilt on November 15, 2007. See attached Appendix A & B.

**Relief Requested**

Conduct a hearing to determine the validity of the Judgment, and issue appropriate Declaratory & Coercive Relief on Questions 1-4, and any other relief this court should find equitable and just.

Dated this 23rd day of December 2019.

_____
Donald Ray Cowan

**Attached Appendix**

1. Appendix A – Felony Information Dated 01-03-2005, Tulsa County CF-2005-1

2. Appendix B – Judgment and Sentence Dated 10-15-2007, Tulsa County CF-2005-1

CIVIL COMPLAINT SEEKING DECLARATORY & COERCIVE RELIEF FROM A VOID JUDGMENT - 5

cyc

2005 JAN -3

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

CF 2005 0001

Case No. _____

Felony Information

THE STATE OF OKLAHOMA,

    Plaintiff,

Vs.

**DONALD RAY COWAN**

    Defendant(s).

DISTRICT COURT
**FILED**

JAN 03 2005

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

**BE IT REMEMBERED:**

That **TIM HARRIS**, the duly elected and qualified **District Attorney for Tulsa County, Oklahoma**, who prosecutes in the name and by the authority of **The State of Oklahoma**, comes now into the District Court of Tulsa County, State of Oklahoma, and gives the Court to understand and be informed that:

(Count 01)
21-0711

**DONALD RAY COWAN**, on or about 01-10-04, in Tulsa County, State of Oklahoma and within the jurisdiction of this Court, did commit the crime of **MANSLAUGHTER, FIRST DEGREE**, a felony, by unlawfully, feloniously, and willfully without a premeditated design to effect death, did cause and effect the death of one RONALD HENDERSON while the defendant was in the heat of passion and without excusable or justifiable cause, to-wit: the defendant shot RONALD HENDERSON with a Smith & Wesson 9mm Sigma pistol the same being a dangerous weapon, the bullet therefrom striking, penetrating and inflicting mortal wounds in the body of the said RONALD HENDERSON from which mortal wounds the said RONALD HENDERSON did then and there languish and die,

contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State.

                                                        TIM HARRIS, District Attorney

                                                        By _Stephen A. Kunzweiler_
                                                                                    Assistant

**NAMES OF WITNESS(ES):**

| | | | |
|---|---|---|---|
| MIKE NANCE 00501 | TULSA POLICE DEPT. 600 CIVIC CENTER | TULSA | OK 74103 |
| MARK DRAFT 02016 | TULSA POLICE DEPT. 600 CIVIC CENTER | TULSA | OK 74103 |

Appendix A

ORIGINAL 

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| State Of Oklahoma,<br>-vs-<br>Donald Ray Cowan<br>SS.# 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<br>DOB 11-12-74 | Case No. **CF-05-1**<br>Count No. **One** |
|---|---|

DISTRICT COURT
F I L E D
DEC 0 4 2007
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**JUDGMENT AND SENTENCE**
**All Time In Custody**
**Felony**

Now, this 15th day of November, 2007 this matter comes on before the Court for sentencing and the defendant appears personally and by his or her Attorney of record, Patrick Adams, and the State of Oklahoma is represented by Steve Kunzweiler, and the Court Reporter, Debra Minton is present.

The defendant has been found guilty by jury trial and is found guilty by the Court of the crime of **Manslaughter – First Degree, 21 O.S. 711, offense date 1-10-04.**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the defendant, is guilty of the stated offense and is sentenced to **Four (4) years all under the custody and control of the Department of Corrections. Defendant to receive credit for time served.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that in addition to the preceding terms, and the general miscellaneous costs of this action, the defendant is also sentenced to: a Victim's Compensation Assessment in the amount of **$250.00.**

IT IS FURTHER ORDERED BY THIS COURT THAT JUDGMENT IS HEREBY ENTERED against the defendant for all costs, fees, fines, and assessments ordered in this action and he or she is ordered to report immediately upon conclusion of this sentencing hearing, or within ten (10) days of discharge, if the defendant is currently incarcerated, to the Tulsa County Court Clerk to pay all costs, fines, fees, and assessments ordered in this action - or - to the Tulsa County

291 

Appendix B

Court Cost Administrator to make arrangements to pay the costs, fines, fees, and assessments as ordered pursuant to the Rule 8 Hearing held this day.

The Court further advised the defendant of his or her right to appeal to the Court of Criminal Appeals of the State of Oklahoma and of the necessary steps to be taken by him or her to perfect such appeal, and that if he or she desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State, subject to reimbursement in accordance with 22 § O. S. 1355.14, 20 § O. S. 106.4 (b), and, ADC-72-33.

In the event the above sentence is for incarceration in the Department of Corrections, the Sheriff of Tulsa County, Oklahoma, is ordered and directed to deliver the defendant to the Lexington Assessment and Reception Center at Lexington, Oklahoma, and leave therewith a copy of this Judgment and Sentence to serve as warrant and authority for the imprisonment of the defendant as provided herein. A second copy of this Judgment and Sentence to be warrant and authority of the Sheriff for the transportation and imprisonment of the defendant as herein before provided. The Sheriff is to make due return to the clerk of this Court with his proceedings endorsed thereon.

Witness my hand this 19th day of November, 2007

JUDGE Gordon McAllister

ATTESTATION:

SALLY HOWE SMITH
District Court Clerk Tulsa County

By: Mallory Brown
Mallory Brown - Deputy

292

## ADDITIONAL FINDS AND FACTS AND CONCLUSIONS OF LAW

At the time of formal sentencing the sentencing judge, on the record, shall either complete the additional findings or review form 13.8(A) which has been completed by the parties to ensure its accuracy. Upon completion of the form it shall be ordered filed of record and be attached as Exhibit 1 to the Uniform Judgment and Sentence filed in the case.

**EXHIBIT 1:** Additional Findings of the Court to Case No. **CF-05-1** Defendant **Donald R. Cowan**
in the District Court of **Tulsa** County.

### I. Original Charges
(A copy of the information may be attached instead)
Please list any additional charges on a separate attached sheet.

| Offense | Statute Citation |
|---|---|
| MANSLAUGHTER 1° | 21 O.S. §711 |

### II. Prior Felony Convictions
Please list all prior felony convictions or attach the OSBI rap sheet.

| Offense | Date | Statute Citation |
|---|---|---|
| | | |

### III. Enhancer Information

1. Did the offender commit the current offense with the use of a weapon within the immediate possession and control of the offender? ☒ Yes  ☐ No   If yes, please indicate type of weapon. __Pistol__

2. For persons who are victims of violent crimes, please indicate the age of the victim(s) _____

3. If the controlling offense was a theft offense (larceny, embezzlement, fraud, concealing stolen property) what was the total amount involved in that offense?
$ _____

4. If the controlling offense was a drug offense, what was the predominant drug and what was the amount of that drug (specify grams, ounces, etc.)?
Drug Type: _____
Quantity: _____

### IV. Offender Characteristics
(A copy of the pre-sentence investigation may be attached instead.)

**Gender (Circle)**  (Male)  Female

**Race (Circle)**  (White)  Black  Hispanic  Native American  Asian

This exhibit shall not be admitted into evidence in any future prosecutions.

Certified this __15th__ day of __Nov__, __2002__

_/s/ Steve Kunzweiler_
Attorney for State

_/s/_
Attorney for Defendant

_/s/ McCarthy_
Judge of the District Court

293

Form 5175 (1.06)

**OFFICER'S RETURN OF SERVICE**

Received this order the ____ day of _____, ____, and executed it by delivering said defendant to the Warden of the Lexington Assessment and Reception Center at Lexington, Oklahoma on the _____ day of _____, ____.

STANLEY GLANZ, SHERIFF, TULSA COUNTY, OKLAHOMA

By:_____
Deputy

**COURT CLERK'S CERTIFICATION**

I, Sally Howe Smith, District Court Clerk for Tulsa, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerks Office of Tulsa, Oklahoma.

Dated this the _____ day of _____, _____.

SALLY HOWE SMITH, DISTRICT COURT CLERK, TULSA COUNTY, OKLAHOMA

By: _____, Deputy

294



U.S. POSTAGE PAID
PM 2-Day
DEL CITY, OK
73115
DEC 23, 19
AMOUNT
**$7.35**
R2304M109941-14

74103

Postmarked 12/23/19

**FROM:**
David Brown
3768 SE 48th Pl
Oklahoma City, OK 73135

19 CV 714 TCK - FHM

**TO:**
US District Court - ND Oklahoma
333 W. 4th Street, Rm 411
Tulsa, OK 74103

**PRIORITY MAIL**
* DATE OF DELIVERY SPECIFIED*
* USPS TRACKING™ INCLUDED*
* INSURANCE INCLUDED*
* PICKUP AVAILABLE
  * Domestic only

RECEIVED
DEC 26 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

EXPECTED DELIVERY DAY: 12/27/19

USPS TRACKING® NUMBER

9505 5152 4267 9357 4209 51

EP14F July 2013
OD: 12.5 x 9.5

PS00001000014

This envelope is made from post-consumer waste. Please recycle - again.