IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD RAY COWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-714-TCK-FHM |
| | ) |
| STEVEN KUNZWEILER, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Steven Kunzweiler, Tulsa County District Attorney's Motion to Dismiss filed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. 14). Defendant alleges the First Amended Complaint (Doc. 12) fails to state a claim upon which relief can be granted and this Court lacks jurisdiction. Plaintiff, Donald Ray Cowan, filed a response opposing the motion (Doc. 17). Plaintiff alleges his constitutional rights were violated when he was convicted of manslaughter in an Oklahoma court. In his request for relief, Plaintiff seeks a variety of declaratory and injunctive relief requesting that the Court declare his felony conviction void and grant relief from certain consequences resulting from the conviction.

**I. BACKGROUND**

This case arises out of Plaintiff's past conviction for first degree manslaughter. At the time of the events leading to his conviction, Plaintiff was employed as an armed security guard. On January 10, 2004, while performing his duties, Plaintiff shot and killed Ronald Henderson ("Henderson"). On January 3, 2005, Plaintiff was charged with one count of first degree manslaughter. On November 15, 2007, Plaintiff was convicted by jury trial in Tulsa County

District Court and sentenced to four years in the custody of the Department of Corrections.[1] He was released on May 17, 2011. Plaintiff filed this action on December 26, 2019 (Doc. 1.) He filed his First Amended Complaint on February 19, 2020 (Doc. 12).

Plaintiff is a pro se litigant; accordingly, the Court construes his allegations liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Court can reasonably read the pleadings to state a valid claim on which the plaintiff would prevail, it should do so "despite the plaintiff's failure to cite proper legal authorities, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with pleading requirements." *Id*. However, the Court may not assume the role of advocate for the pro se litigant. *See Id.*

The instant case is based on Plaintiff's ongoing contention that the judgment and sentence entered in *State of Oklahoma v. Donald Ray Cowan*, Case No. CF- 2005-1 (Tulsa County) is void.[2] Plaintiff is "seeking civil relief from a voidable/void state court 'judgment roll.'" (Doc. 12, page 1). *See also* "Relief Requested" in Plaintiff's First Amended Complaint. (Doc. 12, pages 5-6, ¶¶ 1-5). Plaintiff requests a declaration that the judgment and sentence is not entitled to "full faith and credit." *Id.* at ¶1. Specifically, Plaintiff asks the Court to prohibit the "United States Government, its Agencies, and any other State that Plaintiff Should decide to reside in" from extending full faith

---

[1] These dates are noted in the Tulsa County docket. Because the Tulsa County docket is relevant to both whether the Court has subject-matter jurisdiction in this case, and Plaintiff's ability to state a claim upon which relief can be granted, this Court will take judicial notice of the docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take notice of proceedings in other courts, both within and without the federal judicial system).

[2] Plaintiff has filed two other cases in this Court challenging this same state court conviction. *See Cowan v. State of Oklahoma*, 15 CV-117-JHP-PJC, 2016 WL 7665591 (N.D. Okla. Mar. 24, 2016) affirmed at 658 Fed.Appx. 892, 893 (10th Cir. 2016), and *Cowan v. Hunter, et al.*, 17-CV-324-TCK-FHM, 2018 WL 121541 (N.D. Okla. Mar. 8, 2108) affirmed at 762 Fed.Appx. 521 (10th Cir. 2019).

and credit to the judgment and sentence on the grounds that it was entered in violation of the 14th Amendment. *Id.* The remainder of the relief sought in this case requests that various conditions be met "notwithstanding" the judgment and sentence. *Id.* at ¶¶ 2-4. Additionally, Plaintiff seeks permission to pursue a malicious prosecution claim against Defendant. *Id*. at ¶ 5.

## II. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

This Court has an ongoing, independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from a party. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); Fed.R.Civ.P. 12(h)(3). Because federal courts are courts of limited jurisdiction, plaintiff has the burden to allege sufficient jurisdictional facts to survive such an inquiry. *See McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

### A. *Rooker-Feldman* Doctrine

Defendant contends this Court lacks subject-matter jurisdiction because Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291-92 (2005). Only the United States Supreme Court has appellate authority to review a state-court judgment. *See Id.*, at 283. Accordingly, district courts do not have subject-matter jurisdiction to review or reject state-court judgments or the injuries they cause. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). *Rooker-Feldman* applies to both civil and criminal state-court judgments. *See Id.; see also Market v. City of Garden City*, No. 16-3293, 2017 U.S. App.

3

LEXIS 25236, at *7 (10th Cir. Dec. 14, 2017) (unpublished); *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008).

The *Rooker-Feldman* doctrine applies to both (1) federal claims actually decided by a state court and (2) federal claims inextricably intertwined with a state-court judgment, such that an element of the claim is that the state court wrongfully entered its judgment. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1282-83 (10th Cir. 2012); *Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004). The *Rooker-Feldman* doctrine, however, does not extend to actions in federal court that run parallel to the actions in state court, or to cases that raise independent claims, even if those claims raise overlapping legal issues. Such cases would be subject only to preclusion law. *See Exxon*, 544 U.S. at 292-93.

Plaintiff's constitutional challenges are barred under *Rooker-Feldman*, as they seek to upset a prior state-court judgment. *See Feldman,* 460 U.S. at 482-83 (district courts have subject-matter jurisdiction to hear general attacks on the constitutionality of a state law that was applied against the Plaintiff, but not as-applied challenges); *Kenman Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002) (a party may bring a general constitutional challenge to state law if the party does not request that the federal court upset a prior state-court judgment applying that law against the party) (internal citations omitted).

Plaintiff's Fourteenth Amendment § 1983 claims challenging his prosecution are also barred under *Rooker-Feldman*. A plaintiff may in certain instances challenge in federal court the government's decision to charge Plaintiff with a crime in federal court, without also challenging his underlying conviction. For example, in *Mo's Express, LLC v. Sopkin*, the court had subject-matter jurisdiction over the plaintiff's claim that the Colorado Public Utility Commission exercised its jurisdiction in a manner that violated the Equal Protection Clause, because the plaintiff only

4

requested prospective relief. *See* 441 F.3d 1229, 1237-38 (10th Cir. 2006). By contrast, when a plaintiff challenges the decision to prosecute and seeks abrogation of the state-court judgment as a remedy, a district court is barred from hearing that challenge under *Rooker-Feldman*. *See Market*, 2017 U.S. App. LEXIS 25236, at *7-*8.

In this case, the Court construes Plaintiff's claims as a request to review and vacate the state-court judgment. Because this relief would require appellate review of the state-court judgment, Plaintiff's Constitutional claims are barred by *Rooker-Feldman*.[3]

**B. Article III Standing**

Defendant also contends Plaintiff lacks standing to assert the Constitutional violations alleged in his First Amended Complaint. To establish Article III standing, a plaintiff must demonstrate "(1) that he or she has suffered an injury in fact; (2) that the injury is fairly traceable to the challenged action of the defendant; and, (3) that it is likely that the injury will be redressed by a favorable decision." *Awad v. Ziriax*, 670 F.3d 1111, 1120 (10th Cir. 2012) (*quoting Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133- 134 (2011)). These three requirements are often referred to as "injury in fact, causation, and redressability." *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1224 (10th Cir. 2008). "In its starkest terms, the standing inquiry requires the Court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts." *Schaffer v. Clinton*, 240 F.3d 878, 883 (10th Cir. 2001). "[S]tanding is determined as of the time of the filing of the complaint." *Utah Ass'n of Ctys. v. Bush*, 455 F.3d 1094, 1101 (10th Cir. 2006).

---

[3] This Court has previously found similar claims asserted by Plaintiff precluded by the *Rooker-Feldman* doctrine. *See Cowan v. State of Oklahoma*, 15 CV-117-JHP-PJC, 2016 WL 7665591 (N.D. Okla. Mar. 24, 2016) affirmed at 658 Fed.Appx. 892, 893 (10th Cir. 2016), and *Cowan v. Hunter, et al.*, 17-CV-324-TCK-FHM, 2018 WL 121541 (N.D. Okla. Mar. 8, 2108) affirmed at 762 Fed.Appx. 521 (10th Cir. 2019).

In this case, Plaintiff seeks an order from the Court (1) prohibiting any governmental entity from affording full faith and credit to the judgment and sentence entered in *State of Oklahoma v. Donald Ray Cowan*, Case No. CF2005-1 (Tulsa County); (2) permitting him to pursue employment opportunities with the Federal Bureau of Prisons; (3) permitting him to carry a firearm despite his conviction; (4) permitting him to pursue a malicious prosecution claim against Defendant, and (5) prohibiting any government entity from denying relief afforded by this Court. (Doc. 12, pages 5-6). Specifically, Plaintiff seeks declaratory and injunctive relief against multiple third parties, however, none of the relief requested is directed toward, or intended to control the conduct of Defendant.

Plaintiff must show there is "a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations omitted). "A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Accordingly, because Plaintiff's claims are directed at parties other than Defendant, Plaintiff lacks Article III standing to pursue them.

### III. Defendant's Motion to Dismiss for Failure to State a Claim

Defendant additionally argues that all of Plaintiff's remaining claims are either barred by the statute of limitations, the Eleventh Amendment, or prosecutorial immunity. The Court will address these arguments with respect to Plaintiff's claims not barred under *Rooker-Feldman,* or Plaintiff's lack of Article III standing.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). By contrast, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Generally, the sufficiency of a complaint must rest on the contents of the complaint alone; however, the court may consider "matters of which the court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). In this case, this Court may take judicial notice of the state-court docket. *See supra* n.1.

### A. Statute of Limitations

Section 1983 does not provide any statute of limitations. Accordingly, courts must look to state law for the appropriate period of limitations in § 1983 cases. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). The Tenth Circuit has held that the appropriate period of limitations for §1983 actions brought in the state of Oklahoma is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988); Okla. Stat. tit. 12 sec. 95(3). While state law governs statutes of limitations, federal law determines the accrual of § 1983 claims. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004); *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). A § 1983 claim accrues when "facts that would support a cause of action are or should be apparent." *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotations omitted).

In this case, the latest date that any of Plaintiff's claims could have accrued is November 15, 2004, the date of his formal sentencing. Therefore, at the time of his sentencing on November 15, 2004, Plaintiff knew or should have known facts that would support his claims. However, Plaintiff did not file this action until December 26, 2019, well outside the two-year statute of

limitations applicable to § 1983 cases brought in Oklahoma. Accordingly, all of Plaintiff's remaining § 1983 claims are time-barred.

### B. Malicious Prosecution

Plaintiff's claim for malicious prosecution against Defendant is also barred. A malicious prosecution claim is precluded if the underlying conviction has not been invalidated. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) *citing Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013) (*Heck v. Humphrey* applicable even though the plaintiff has been released from custody on the convictions at issue).

Further, Plaintiff's claim for malicious prosecution against Defendant stems from his role as Tulsa County District Attorney in the successful prosecution of Plaintiff in *State of Oklahoma v. Donald Ray Cowan*, Case No. CF-2005-1 (Tulsa County). The United States Supreme Court has held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Specifically, a prosecutor is entitled to absolute prosecutorial immunity for any acts performed as part of his or her role as a prosecutor and an advocate for the state. *Id; see also Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity encompasses all activities that can fairly be characterized as associated with litigation. *Id.* Because all of Plaintiff's claims asserted against Defendant are based on his role as a prosecutor in Plaintiff's criminal state court case, Defendant is immune from the malicious prosecution claim asserted in this matter.

### C. Eleventh Amendment Immunity

The Eleventh Amendment bars suits by private citizens against a state. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Ex Parte Young*, 209 U.S. 123 (1908). For a plaintiff to avoid the

Eleventh Amendment's prohibition on suits against states in federal court by seeking to enjoin state officials from enforcing unconstitutional statutes, the plaintiff must be (1) suing state officials rather than the state itself, (2) alleging ongoing violations of federal law, and (3) seeking prospective relief. *Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013). Requests for retrospective declaratory relief are also prohibited by the Eleventh Amendment. *See Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

In this action, the relief requested is contingent upon a finding that the judgment and sentence entered in *State of Oklahoma v. Donald Ray Cowan*, Case No. CF-2005-1 (Tulsa County) is void. *See* "Statement of the Case", which describes this action as "seeking civil relief from a voidable/void state court 'judgment roll.'" Doc. 12, page 1. See also "Relief Requested" at pages 5-6. However, this relief is clearly retrospective in nature in that it is intended to remedy a past harm – an alleged wrongful conviction. Accordingly, Plaintiffs' request for declaratory judgment is prohibited.

In conclusion, the Court finds Defendant is immune from suit and Plaintiff lacks standing to assert the claims set forth in his First Amended Complaint. Plaintiff's claims are otherwise precluded by the *Rooker-Feldman* doctrine, and the statute of limitations. For the reasons set forth above, the Court finds that Defendant's Motion to Dismiss is granted.

**IT IS SO ORDERED this 7th day of May, 2020.**

TERENCE C. KERN
United States District Judge